CAVENDER *VS.* FUNDERBURG.

1. The Circuit court has cognizance of all breaches of contract, sounding in damages merely.

2. If a contract does not in terms, or by necessary implication, furnish a rule by which the damages for its breach can be computed, it is a case sounding in damages merely, and the jurisdiction of a justice of the peace is ousted.

Error to Talladega Circuit court.

Case for the breach of a parol contract, tried before *Shortridge*, J.

The jury assessed plaintiff's damages at thirty dollars, whereupon the court non-suited plaintiff, because the recovery was less than the court could take cognizance of —which was assigned for error.

*Leftwich*, for plaintiff in error.

ORMOND, J.—The decision of this question, depends on the construction to be put on the act defining the jurisdiction of the courts, which provides, " if any suit shall be commenced in any court, for a less sum than such court can legally take cognizance of, or if any person shall demand a greater sum than is due, on purpose to evade this act, in either case, the plaintiff shall be non-suited, and pay costs; provided always, that if the plaintiff, or any person for him, will make an affidavit, (to be filed in the clerk's office,) that the sum for which the suit shall be brought, is really due, but that for want of

proof, or that the time limited for the recovery of any article that bars a recovery in that case, such plaintiff shall have a verdict and judgment, for what appears to be legally proved—(See Aik. Dig. 269, sec. 67.)

The contract set out in the declaration, is, that the defendant agreed with the plaintiff, that if he would, with two workmen, which he then had in his employ, building a house, aid him in erecting a cotton press, that he would immediately after haul for the plaintiff, twenty thousand feet of lumber, from a mill in the neighborhood, at four dollars per thousand—that he complied with the contract on his part, but that the defendant did not perform his agreement—that he was thereby put to great delay and expense, and was compelled to pay eight dollars per thousand for hauling his lumber.

If an action could not have been maintained before a justice of the peace, for the breach of this contract, the court erred in directing a non-suit.   The jurisdiction of justices, is thus defined by the statute :  " all debts and demands, not exceeding fifty dollars, for a sum or balance due on any specialty, note, bond, cotton receipt, contract or agreement in writing, or for goods, wares and merchandise sold and delivered, or for work or labor done, or for money lent, or for specific articles, or for any balance due, either by written or verbal contract, or assumpsit, in any case *not sounding in damages merely*, are hereby declared to be exclusively cognizable and determinable before a justice of the peace." "All contracts for the payment of specific articles, or for the performance of services, when the value of the article contracted for, or of the services to be performed, does not exceed fifty dollars,

shall be cognizable and determinable by justices of the peace"—(Aik. Dig. 291.)

To authorise a justice to take jurisdiction in cases of this description, the contract must itself furnish the measure of damages, or the rule by which they are to be ascertained. If no criterion is established by the parties themselves, or does not necessarily flow from the contract, the action must, in the language of the act, sound in damages merely, and the justices jurisdiction is ousted.

To apply these principles to this case, the damages which the plaintiff may have sustained from the breach of the contract, by being delayed in carrying on his work, could not be ascertained from the contract itself, nor does it expressly, or by implication, afford any rule by which they can be computed. The right to damages, then, is a consequence of the breach of contract, sounding in damages merely, and which a jury alone could assess, and if this action cannot be sustained, the plaintiff is remediless. The court, therefore, erred in directing a non-suit, and its judgment must be reversed, and a judgment rendered for the amount of the verdict of the jury, and the costs of the court below, and this court.